# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 10cr3256 WQH |
| Plaintiff, | ORDER |
| vs. | |
| DAVID C. JACQUOT, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the second motion for reconsideration of detention order and for setting of bail filed by the Defendant David Jacquot. (ECF No. 315).

## BACKGROUND FACTS

On August 16, 2010, the Defendant was arraigned on three counts of Transportation of a Minor to Engage in Criminal Sexual Activity in violation of Title 18, United States Code, Section 2423(a). At that time, the Defendant was currently awaiting trial on a two count indictment alleging False Statements in Tax Returns in violation of Title 26, United States Code, Section 7206(1) in Case No. 08cr1171-WQH. The Government moved to detain the Defendant pending trial pursuant to 18 U.S.C. § 3142(e) on the grounds that no condition or combination of conditions will reasonably assure his appearance as required and the safety of any other person and the community.

On August 18, 2010, after a full hearing, Magistrate Judge Victor Bianchini ordered the

Defendant detained pending trial pursuant to 18 U.S.C. § 3142(e). The Magistrate Judge found that a rebuttal presumption arises under Section 3142(e)(3)(E) that no condition or combination of conditions will reasonably assure the appearance of the Defendant or the safety of the community. The Magistrate Judge relied upon the weight of the evidence against the Defendant, as well as the history and characteristics of the Defendant. The Magistrate Judge found that there was probable cause to believe that the Defendant committed the offense of transportation of a minor with intent to commit criminal sexual activity, that the Defendant has strong motive to flee, and that no condition or combination of conditions will reasonably assure the Defendant's appearance as required.

On September 2, 2010, United States District Court Judge Whelan conducted a detention hearing, upon appeal of the detention order of the Magistrate Judge. Judge Whelan considered evidence and argument, the transcript of the hearing before the Magistrate Judge, the transcript of the detention hearing on May 26, 2010 in Case No. 08cr1171-WQH, the report prepared by United States Pretrial Services recommending detention, and the detention order by the Magistrate Judge. Judge Whelan found that the nature and severity of the offenses favor detention, that there was probable cause to believe that the Defendant committed the charged offenses, and that Defendant's character was a neutral factor. Judge Whelan made an independent determination that no condition or combination of conditions will reasonably assure his appearance as required and affirmed the detention order issued by the Magistrate Judge.

Defendant appealed the order of detention to the Court of Appeals for the Ninth Circuit.

On October 12, 2010, the Court of Appeals for the Ninth Circuit affirmed the detention order finding that "[t]he district court correctly found that the government met its burden of showing, by a preponderance of the evidence, that 'no condition or combination of conditions will reasonably assure the [defendant's] appearance,' 18 U.S.C. § 3142(e), and that appellant therefore poses a risk of flight." (ECF No. 29).

On November 1, 2010, the Court set trial for December 7, 2010.

On November 18, 2010, Defense Counsel made an oral motion for a competency evaluation. On November 22, 2010, the Court entered an order for psychiatric mental competency exam.

On January 3, 2011, the Court held a status hearing regarding Defendant's competency.

On January 24, 2011, the Court held a status hearing regarding Defendant's competency. After receiving the competency report, Defendant requested a competency hearing. On March 3, 2011 and March 11, 2011, this Court held hearings and heard testimony and received exhibits regarding the Defendant's competency to stand trial.

On March 29, 2011, this Court found by a preponderance of the evidence that the Defendant was able to understand the nature and consequences of the proceedings against him and able to assist properly in his defense. *See* 18 U.S.C. § 4241(e). The trial was scheduled for August 16, 2011 in order to give the Defendant adequate time to prepare.

On April 15, 2011, Defendant filed a motion for reconsideration of the detention order and for setting bail.

On April 29, 2011, the Court entered an order denying Defendant's motion for reconsideration of the detention order. The Court stated: "[t]he Government has met its burden of showing, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance pursuant to 18 U.S.C. § 3142(e) and no material information supports reconsideration of the detention order. This Court affirms the Detention Order filed on August 19, 2010 by the Magistrate Judge, affirmed by Judge Whelan, and affirmed by the Court of Appeals." (ECF No. 108).

On July 28, 2011, the Court set the trial date to October 18, 2011, with the agreement of the Defendant in order to resolve issues raised in the motions in limine.

On August 18, 2011, the Court held a hearing regarding the motions in limine. Further briefing was requested and submitted by the parties.

On September 30, 2011, the Court held a second hearing regarding the motions in limine. Further briefing was requested and submitted by the parties.

On October 14, 2011, the Court held a third hearing regarding the motions in limine.

On October 18, 2011, the jury was impaneled and the trial began. The Government and the Defendant presented testimony and exhibits. The jury began deliberations on October 26, 2011.

On October 28, 2011, the jury indicated that they could not reach a unanimous verdict. Defendant requested a mistrial. Defendant stated on the record that he understood he could be tried again on the charges in the indictment and reaffirmed his request for a mistrial. The Court granted a mistrial and set the case for trial on January 5, 2012, at the request of counsel for the Defendant.

On January 10, 2012, the jury was impaneled and the second trial began. The Government and the Defendant presented testimony and exhibits. The jury began deliberations on January 20, 2012.

On January 26, 2012 the jury indicated that they could not reach a unanimous verdict. Defendant requested a mistrial. Defendant stated on the record he understood that he could be tried again on the charges in the indictment and reaffirmed his request for a mistrial. The Court granted a mistrial and set the case for trial on March 27, 2012, at the request of counsel for the Defendant.

On February 3, 2012, the Defendant filed a second motion for reconsideration of detention.

On February 10, 2012, the Government filed a response in opposition to the reconsideration of the detention order.

On February 16, 2012, this Court held a hearing on the Defendant's motion for reconsideration of detention. At the request of the Defendant, the Court reset the trial to begin on April 10, 2012.

**CONTENTIONS OF THE PARTIES**

Defendant moves the Court for reconsideration of the order of detention on the grounds that his "pretrial detention has been so prolonged the detention now exceeds its regulatory

purpose and violates the due process clause of the Fifth Amendment to the United States Constitution." (ECF No. 315 at 2). Defendant asserts that the facts of the earlier detention order have changed in that he has now been in custody for more than 540 days and two trials have not resulted in a conviction. Defendant asserts that the Government overstated the strength of the evidence at the initial detention hearings and that there are secure conditions which will assure his presence at the third trial.

The Government asserts that there are no additional facts or circumstances relevant to the determination by the Magistrate Judge, two District Judges, and the Court of Appeals that no condition or combination of conditions will reasonably assure the Defendant's appearance as required. The Government asserts that the Court can assess the strength of the case based upon the presentation of evidence at two trials. The Government contends that the Defendant has not presented sufficient evidence to rebut the presumption that he should be detained as a risk of flight.

**RULING OF THE COURT**

18 U.S.C. § 3142(e)(3)(E) provides in part: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably appear the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed – an offense involving a minor victim under section ... 2423... of this title." This presumption subject to rebuttal applies in this case.

If convicted, the Defendant faces a mandatory minimum five year sentence on each of the three charges in the indictment and a statutory maximum of 90 years in custody. At the initial detention hearing, the Magistrate Judge heard evidence that the Defendant's residence in Priest River, Idaho burned under suspicious circumstances; that the Defendant was located outside of the house on the night of the fire; and that law enforcement recovered a firearm from the residence. The Magistrate Judge concluded that the Defendant has strong motive to flee; and that no condition or combination of conditions will reasonably assure his appearance as

required. This conclusion has been reconsidered and reaffirmed by District Judge Whelan, by the Court of Appeals for the Ninth Circuit, and by this District Judge.

Section 3142(f) provides in part that a detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

The Court has the benefit of the testimony and exhibits at two trials and reaffirms that conclusion of the Magistrate Judge at the initial detention hearing that "there is probable cause to believe that the Defendant committed the offense of transportation of a minor with intent to commit criminal sexual activity, in violation of 18 U.S.C. § 24523(a)." (ECF No. 11 at 2). There is no new, material information which rebuts the conclusion of the Court of Appeals that "[t]he district court correctly found that the government met its burden of showing, by a preponderance of the evidence, that 'no condition or combination of conditions will reasonably assure the [defendant's] appearance,' 18 U.S.C. § 3142(e), and that appellant therefore poses a risk of flight." (ECF No. 29). Defendant continues to face serious charges with a potentially lengthy sentence. The "nature and severity of the offenses [continues to] favor detention." (ECF No. 25 at 2). Defendant's motive to flee remains strong. The Court finds that the continued detention of the Defendant is supported by the facts in this case and the applicable statutory law.

In *United States v. Gelfuso*, 838 F.2d 358 (9th Cir. 1988), the Court of Appeals stated:

> Several Circuits have recognized that the length of pretrial detention raises a constitutional issue at some point. The Supreme Court, however, has declined to identify at what point pretrial detention might be excessively prolonged and therefore punitive rather than regulatory. . . . [W]e find that the due process limit on the length of pretrial detention requires assessment on a case-by-case basis. We consider the length of confinement in conjunction with the extent to which the prosecution bears responsibility for the delay that has ensued.

838 F.2d at 358. (citations omitted). In this case, pretrial detention has been lengthy. Defendant was arrested in this case on August 13, 2010. The trial was initially set for

December 2010.  Defendant moved for a mental competency evaluation.  After the mental competency issue was resolved, the first trial took place as soon as the defense was prepared to proceed to trial.  After the mistrial motion was granted in the first trial, the second trial took place as soon as the defense was prepared to proceed to trial.  The third trial is schedule for April 10, 2012, as soon as the defense is prepared to proceed to trial.  There has been no delay identified by the Defendant for which the prosecution bears responsibility.  Under the facts of this case, the Court finds that the pretrial detention is solely regulatory, supported by the facts, and does not violate due process.

IT IS HEREBY ORDERED that the motion for reconsideration of detention order and for setting of bail filed by the Defendant David Jacquot (ECF No. 315) is denied.

DATED:  February 21, 2012

**WILLIAM Q. HAYES**
United States District Judge